Dayton Bar Association v. Susser.
[Cite as Dayton Bar Assn. v. Susser (1993),     Ohio
St.3d        .]
Attorneys at law -- Misconduct -- Permanent disbarment --
    Conviction for drug abuse -- Conviction for possession of
    criminal tools -- Serious involvement in drug activities.
    (No. 92-1391 -- Submitted January 19, 1993 -- Decided
April 7, 1993.)
    On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 89-02.
    In an amended complaint filed February 28, 1990, relator,
Dayton Bar Association, charged respondent, Gary E. Susser
(Attorney Registration No. 0032075), with two counts of
disciplinary infractions based upon criminal convictions in
1988 and 1989.1  In his answer, respondent admitted the
convictions and a violation of DR 1-102(A)(6)(conduct adversely
reflecting on fitness to practice law) but denied other
disciplinary infractions.  Thereafter, a panel of the Board of
Commissioners on Grievances and Discipline of the Supreme Court
held hearings on the matter on June 7, 1991 and March 20, 1992.
    The parties' stipulations and evidence at the hearings
established the following.  As to Count I of the amended
complaint, respondent pled guilty on June 9, 1988, to drug
abuse in violation of R.C. 2925.11(A), a fourth degree felony.
On December 2, 1988, the court sentenced Susser to a one-year
suspended sentence, fined him $2,500, and placed him on
probation.
    That drug abuse offense had come to light on February 23,
1988, when Susser's maid found him unconscious in his
townhouse.  Medical tests revealed respondent had ingested
cocaine, pentobarbital and the prescription drug, Talwin.
Police seized thirty-two guns, which were arrayed every two or
three feet throughout Susser's residence.  About ninety percent
of the guns were loaded, and a sawed-off shotgun was hidden
under a dinette table.  Police also seized over eight thousand
prescription pills of types commonly used illegally.
    In his testimony at the disciplinary hearing, Susser
asserted that the pills belonged to Marshall Gold, a client
temporarily staying at Susser's house.  Susser claimed he had
discovered Gold's involvement in drugs on February 21 and
confronted him; Gold promised to leave.  Susser admitted he
voluntarily used cocaine on February 21 with Gold.  However,
Susser could neither explain the Talwin and pentobarbital with
any certainty nor remember any events on February 22.  Susser
estimated that approximately twenty-four to twenty-six of the
thirty-nine guns ultimately seized were his.  However, he
disclaimed responsibility for the array of guns in the house
and testified he normally kept all but two guns in a closet.
Pursuant to a plea arrangement, Susser pled guilty to felony
drug abuse and testified against Gold, who was charged with
drug trafficking.
    As to Count II of the complaint, a grand jury indicted
Susser in April 1989 for seven felonies, including insurance
fraud and possession of criminal tools (i.e., the drug
paraphernalia found in the January 1989 search).  Those alleged
offenses had come to light in January 1989, when police
executed another search warrant at Susser's residence while

investigating a suspected fraudulent insurance claim. Police seized a brass funnel, two glass vials, and a small straw, all of which revealed traces of cocaine. Susser denied owning these items and asserted that the police had overlooked them during their February 1988 search. However, a deputy sheriff disputed that claim and asserted the items were not there during the 1988 search.

A jury convicted Susser of four counts: falsifying an insurance claim, attempted grand theft, possession of cocaine and possession of criminal tools. State v. Susser (Dec. 5, 1990), Montgomery App. No. 11787, unreported, 1990 WL 197958. In December 1990, the court of appeals set aside all convictions except for possessing criminal tools. In June 1991, the trial court sentenced Susser to one and one-half years' imprisonment for that criminal tools offense and revoked Susser's probation for the 1988 drug abuse conviction.

However, in March 1992, the court of appeals ruled that Susser's maximum possible sentence for the criminal tools offense was limited to that prescribed for a violation of R.C. 2925.14(C)(1), possessing drug paraphernalia. State v. Susser (Mar. 2, 1992), Montogmery App. No. 12745, unreported, 1992 WL 41834. The maximum penalty for that offense was confinement for thirty days and a fine of $250. Susser served approximately eight months at the Madison Correctional Institute before his release on parole in February 1992.

At the disciplinary hearings, Susser admitted he had used marijuana in college and had used cocaine sporadically for several years. However, Susser claimed he had not used illegal drugs since February 1988, and he introduced evidence of periodic negative urinalysis tests to support his claim. Several witnesses testified to Susser's good character, civic contributions, and legal skill. After reviewing the evidence and stipulations, the panel concluded that respondent had violated DR 1-102(A)(1) (violating a Disciplinary Rule), 1-102(A)(3) (illegal conduct involving moral turpitude), 1-102(A)(4) (dishonesty, fraud, deceit, or misrepresentation), and 1-102(A)(6) (conduct adversely reflecting on fitness to practice law). The panel ruled: "A loaded weapon every two to three feet in a two-story condominium, thousands of narcotics in plain view, and a sawed-off shotgun kept hidden under a table are acts of moral turpitude when committed by an attorney." Two panel members agreed with relator's recommendation that respondent be indefinitely suspended from the practice of law. The third panel member recommended that respondent be "permanently suspended."

The board adopted the panel's findings of fact and conclusions of law. However, because of respondent's serious involvement in drug activities and the record of testimony, the board recommended that respondent be permanently disbarred from the practice of law in Ohio.

Jenks, Surdyk & Cowdrey Co., L.P.A., and Nicholas E. Subashi, for relator.
Charles W. Kettlewell, for respondent.

Per Curiam. We agree with the board's findings and recommendation. Accordingly, respondent is hereby permanently

disbarred from the practice of law in Ohio.  Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Wright, J., dissents and would indefinitely suspend respondent.

FOOTNOTE
1    On December 28, 1988, Susser was indefinitely suspended from the practice of law pursuant to Gov. Bar R. V(9)(a)(iii). In Re Susser (1988), 40 Ohio St.3d 713, 534 N.E.2d 852.